UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDUL HAMZA,

    Plaintiff,

v.

    Case No. 16-11641
    HON. DENISE PAGE HOOD

DUNHAMS ATHLEISURE
CORPORATION,

    Defendant/Third-party Plaintiff,

v.

AISHA HAMZA,

    Third-party Defendant.

_____/

## ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS [#36]

## I. INTRODUCTION

Defendant/Third-party Plaintiff Dunham's Athleisure Corporation's ("Dunham's") filed a third-party complaint against Third-party Defendant Aisha Hamza ("Aisha Hamza") on June 2, 2017, which Dunham's amended on June 23, 2017 (the "Amended TPC"). Third-party Defendant Aisha Hamza filed a Motion to Dismiss the Amended TPC on July 7, 2017 (the "Motion"), and the Motion is fully briefed. The Court, having concluded that the decision process would not be

1

significantly aided by oral argument, ordered that the motion be resolved on the motion and briefs submitted by the parties. E.D. Mich. L.R. 7.1(f)(2). Dkt. No. 45. For the reasons set forth below, the Court denies the Motion.

## II. STATEMENT OF FACTS

Plaintiff is an adult consumer who resides in Saint Clair Shores, Michigan, and Dunham's is a Delaware corporation headquartered in Troy, Michigan. On February 29, 2016, Dunham's allegedly began placing automated text messages to Plaintiff's cellular telephone number, 734-xxx-3421 (the "Number"), from SMS short code number 55678. The first text message from Dunham's was: "Thank you 4 opting-in to the Dunhams mobile program." Plaintiff alleged that he had never: (1) opted in or text-messaged Dunham's to effect an opt-in; (2) provided his cellular telephone number to Dunham's; or (3) provided Dunham's prior express written consent to send automated text messages to his cellular telephone. Plaintiff alleged that he does not know how Dunham's obtained Plaintiff's cellular telephone number.

On February 23, 2016, Aisha Hamza completed an internet form (the "Form") to enter a Detroit Red Wings sweepstakes program, a program that was sponsored by Dunham's. The Form completed by Aisha Hamza included the opportunity to receive promotional text messages from Dunham's, as follows (emphasis added):

**Checkbox**

> ☐ By checking this box and providing **your mobile number**, you are subscribing to receive text message promotions from Dunham's Sports. Message & data rates may apply. Maximum seven messages per month, per subscription. You can cancel at any time. Dunham's respects your privacy – **Your mobile number** will be subject to our privacy policy. Links & coupons within Dunham's text messages are best viewed via smart phone & may not be accessible from all mobile phones.

Opting-in to receive text messages from Dunham's required the entrant to affirmatively check the box, as the default setting was an unchecked box. When completing the Form, Aisha Hamza opted-in to receive messages from Defendant when she: (1) checked the box; (2) provided the Number as the mobile phone number to receive messages; and (3) entered her address (which is also Plaintiff's address).

After the sweepstakes closed, the Detroit Red Wings sent a file to Dunham's that included the telephone numbers that had opted-in, including the Number. Plaintiff began receiving text messages from Dunham's on the Number on February 29, 2016. Plaintiff received numerous messages that marketed Dunham's products, and each message appeared to be template-based and not personal to Plaintiff. Each text sent by Dunham's and received by Plaintiff included instructions on how to stop receiving subsequent text messages from Dunham's. Plaintiff did not allege that he ever sent Dunham's a response message asking Dunham's to stop sending text messages to the Number.

On May 6, 2016, Plaintiff filed a Class Action Complaint against Dunham's (the "Hamza Litigation"), alleging that Dunham's violated the Telephone Consumer Protection Act ("TCPA") by sending, without his prior express written consent, text message promotions to the Number, which he owned and which he did not know how Dunham's had obtained it, and that the text messages he received were from an automatic telephone dialing system ("ATDS"). Plaintiff later amended his Class Action Complaint. On March 22, 2017, the Court granted in part and denied in part Dunham's motion to dismiss Plaintiff's First Amended Class Action Complaint.

In the Amended TPC, Dunham's alleges that Aisha Hamza fraudulently misrepresented that the Number was hers, as she did not have authority to provide the Number on the Form or check the box on the Form that represented that the Number was hers (¶¶29-30).[1] Dunham's further alleges that Aisha Hamza, by providing the Number and indicating that it was hers, intended to have Dunham's sent text message promotions to the Number (¶¶31, 33). Dunham's alleges that, because Dunham's did not know that the Number was not Aisha Hamza's and that she was not a called party at the Number, Dunham's reasonably relied upon Aisha Hamza's representation that the Number was hers, such that Dunham's had permission to send the text message promotions to the Number (¶¶32, 34-35). Dunham's alleges that, had Aisha Hamza

---

[1] All Paragraph (¶) references in this Order relate to the Amended TPC.

not provided the Number on the Form and represented that it was hers, Dunham's would not have sent any text messages to the Number (¶36). Dunham's alleges that, should Plaintiff prevail against Dunham's on the Amended Class Action Complaint, any and all damages awarded will be the result of its reliance on Aisha Hamza's misrepresentation that the Number was hers (¶¶37-38).

## III. APPLICABLE LAW & ANALYSIS

### A. Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

   B.   **Analysis**

A fraudulent misrepresentation claim requires that a plaintiff plead facts plausibly showing:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage.

*Bergen v. Baker*, 264 Mich. App. 376, 382 (2004) (internal citations omitted); *Lawrence M. Clarke, Inc. v. Richco Constr., Inc.*, 489 Mich. 265, 283-84 (2011). Aisha Hamza argues that the Amended TPC fails to allege that: (1) a false representation was made; (2) Aisha Hamza made a false representation with the intent that Dunham's would act upon it; (3) damages flowing from Dunham's violations of the TCPA were actually and proximately caused by her; and (4) she had any fraudulent intent.

The Court is not persuaded by Aisha Hamza's arguments, which largely rely on the contention that she did not provide consent to receive ATDS messages when completing the Form. Aisha Hamza asserts that, because the Amended TPC does not allege that she gave consent to the ATDS messages, Dunham's violated – and will be

liable under – the TCPA because Dunham's did not obtain prior express written consent to such messages to the Number from anyone. Aisha Hamza's contentions presuppose that a question of fact (whether Dunham's made ATDS calls to the Number) has been decided, but the Court does not engage in any fact finding at the Rule 12(b)(6) stage. Aisha Hamza's arguments also fail to take into account that Dunham's has filed a claim for fraudulent misrepresentation, not a TCPA claim. A plausible fraudulent misrepresentation claim does not include as one of its elements the existence of an ATDS or the need to have prior express written consent to make ATDS calls.

The Court finds that Dunham's has sufficiently pled each of the six elements in a manner that plausibly shows that it would be entitled to relief on a fraudulent misrepresentation claim against Aisha Hamza. With respect to the first element, Dunham's alleges Aisha Hamza made a material representation when she submitted the Form and indicated that her phone number was the Number. *See* Amended TPC, ¶12 ("On or about February 23, 2016, Third-Party Defendant completed and submitted the Form with the box checked to opt-in to the Program and with her name, her address, and the telephone number 734-XXX-3421 (the "Number") supplied."); ¶13 ("... Third-Party Defendant checked the box next to the disclosure that used the language that references the provision of "your mobile number" twice, . . ."); ¶15

("Dunham's relied on the information Third-Party Defendant provided in the Form, including that the Number was her number, . . . .").

With respect to the second element, Dunham's alleges that Aisha Hamza's material representation that the Number was hers was false. *See* Amended TPC, ¶28 ("Hamza's TCPA claim in the Hamza Litigation can survive only if the Third-Party Defendant's representation to Dunham's that the Number was hers was false, . . ."); ¶29 (". . . Third-Party Defendant is not a called party at the Number."). With respect to the third element, Dunham's alleges that Aisha Hamza knew the material representation was false when she made it. *See* Amended TPC, ¶30 (". . . Third-Party Defendant knew or should have known that the Number was not hers and that she did not have the authority to provide the Number on the Form . . .").

With respect to the fourth element, Dunham's alleges that Aisha Hamza made the material misrepresentation with the intention that it should be acted upon by Dunham's. *See* Amended TPC, ¶31 (". . . Third-Party Defendant provided the Number to Dunham's for the express purpose of serving as a valid number to which Dunham's would send text message promotions."); ¶33 (". . . Third-Party intended to have Dunham's send text message promotions to the Number by misrepresenting on the Form that the Number was hers . . ."). With respect to the fifth element, Dunham's alleges that it acted in reliance on the material misrepresentation. *See* Amended TPC,

¶34 ("Dunham's reasonably relied on Third-Party Defendant's misrepresentation that it was her Number, . . . ."); ¶35 (". . . Dunham's received the Number, along with the request to send text message promotions to it, though the sweepstakes, which Dunham's then reasonably relied upon to send the text message promotions that are the subject of the Hamza Litigation to the Number.").

Finally, with respect to the sixth element, Dunham's alleges that it suffered damage or injury as a result of the material misrepresentation. *See* Amended TPC, ¶35 ("As a direct and proximate result of Third-Party Defendant's misrepresentation, Dunham's received the Number, along with the request to send text message promotions to it, though the sweepstakes, which Dunham's then reasonably relied upon to send the text message promotions that are the subject of the Hamza Litigation to the Number."); ¶36 (". . . Third-Party Defendant did not have a cellphone number of her own to provide when she completed the Form with the Number. Accordingly, Third-Party Defendant should not have provided the Number on the Form, nor should she have checked the box on the Form that represented to Dunham's that the Number was hers by using the "your mobile number" language. Had Third-Party Defendant acted in that manner, Dunham's would not have sent text messages to the Number."); ¶37 ("If [Plaintiff] prevails against Dunham's in the Hamza Litigation, any and all damages awarded, including costs and reasonable attorneys' fees, will be the result of

Dunham's reasonable reliance on Third-Party Defendant's misrepresentation regarding the number being hers"); ¶38 ("If [Plaintiff] prevails against Dunham's in the Hamza Litigation, any and all costs and attorneys' fees Dunham's has incurred and will incur defending itself in the Hamza Litigation will be the result of Dunham's reasonable reliance on Third-Party Defendant's misrepresentation regarding the number being hers").

Having found that Dunham's Amended TPC adequately alleges a plausible claim for fraudulent misrepresentation, the Court denies the Motion.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Aisha Hamza's Motion to Dismiss Dunham's Amended Third-party Complaint. Dkt. No. 36.

IT IS ORDERED.

                S/Denise Page Hood
                Denise Page Hood
                Chief Judge, United States District Court

Dated: November 1, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 1, 2017, by electronic and/or ordinary mail.

                S/LaShawn R. Saulsberry
                Case Manager